UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLI F.,

                                                                                                                        DECISION AND ORDER

                              Plaintiff,

                                                                                                              22-CV-0727DGL

                          v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                    Defendant.
_____

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On March 22, 2019, plaintiff filed an application for supplemental security income, alleging an inability to work since March 28, 2018. (Administrative Transcript, Dkt. #6 at 15). Her application was initially denied. Plaintiff requested a hearing, which was held November 3, 2021 via teleconference before Administrative Law Judge ("ALJ") Stephan Bell. The ALJ issued an unfavorable decision on November 26, 2021 (Dkt. #6 at 15-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 2, 2022. (Dkt. #6 at 1-3). Plaintiff now appeals.

      The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for the calculation and payment of benefits or in the alternative for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #14) for judgment

on the pleadings. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling a listed impairment: coronary artery disease, carpal tunnel syndrome, morbid obesity, post-traumatic stress disorder, generalized anxiety disorder, bipolar disorder, and adjustment disorder. (Dkt. #6 at 17).

Applying the special technique for mental impairments, the ALJ concluded that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a moderate limitation in adapting or managing herself. (Dkt. #6 at 18-19). The ALJ accordingly concluded that plaintiff's mental impairments were not, by themselves, disabling.

Plaintiff was 40 years old on the alleged onset date, with a high school education and past relevant work as a social services case worker. (Dkt. #6 at 25-26). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, with frequent handling and fingering bilaterally. The claimant can occasionally climb ramps, stairs, ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. She can perform simple,

routine tasks and make simple work-related decisions. Finally, she can no more than occasionally interact with supervisors and coworkers, and never interact with the public. (Dkt. # 6 at 20).

When presented with this RFC as a hypothetical at the hearing, vocational expert Amy Vercillo testified that such an individual could perform the light unskilled jobs of general office clerk, mail clerk, and marker. (Dkt. #6 at 25-26). The ALJ accordingly found plaintiff not disabled.

I.     **The ALJ's Consideration of Plaintiff's Mental Impairments**

Plaintiff contends that the ALJ erred in her consideration of whether plaintiff's mental impairments satisfied the "Paragraph C" criteria for mental disability, and failed to provide an explanation for her Paragraph C finding sufficient to permit meaningful review.

The Court concurs.

At the third step of a disability determination, an ALJ must determine whether the claimant's severe impairments meet or equal a listed impairment. In order for an impairment to do so under Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders) or 12.15 (trauma and stressor-related disorders), it must satisfy the criteria listed in "Paragraph A," as well as the criteria of either "Paragraph B" or "Paragraph C." Paragraph A requires "medical criteria that must be present in [the claimant's] medical evidence" to support their diagnosis. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §12.00(A)(2)(a). The Paragraph B criteria are the areas of mental functioning comprising the special technique: if the claimant's impairments cause an extreme limitation in one or more of those areas, or a marked limitation in two or more, then the claimant will be found disabled.

The Paragraph C criteria apply to "serious and persistent mental disorders" with a documented history of at least 2 years, with evidence of the following: (1) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting that is ongoing and

that diminishes the symptoms and signs of [the claimant's disorder]; and (2) "marginal adjustment," meaning "minimal capacity to adapt to changes in [the claimant's] environment or to demands that are not already a part of [the claimant's] life." *Id*. at §12.00G.

Here, the ALJ ascertained that plaintiff's post-traumatic stress disorder, generalized anxiety disorder, bipolar disorder, and adjustment disorder were severe impairments, satisfying the criteria for Paragraph A. The ALJ then determined that the Paragraph B criteria had not been satisfied, because plaintiff was not markedly or extremely limited in any of the four pertinent areas of mental functioning. (Dkt. #6 at 17-19).

With respect to Paragraph C, the ALJ stated:

> I have also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria as [claimant] does not have a serious and persistent mental disorder requiring a highly structured setting and does not have a minimal capacity adapt to changes in her environment or demands that are not already part of her daily life.

(Dkt. #6 at 19.)

The conclusory nature of the ALJ's Paragraph C analysis is not, by itself, an error necessitating remand, so long as the ALJ's rationale can be gleaned elsewhere in the decision. *See Berry v. Schweiker*, 675 F.2 464, 468 (2d Cir. 1982). However, in this case, the ALJ did not engage in any discussion of plaintiff's capacity to adapt to changes in her environment or new demands, and although she elsewhere mentioned plaintiff's highly structured congregate living arrangement, did not explain why such a setting was not "required" by plaintiff's mental disorders for purposes of Paragraph C. As such, the Court can only speculate as to how the ALJ reached her conclusion that the Paragraph C criteria had not been satisfied.

The Commissioner does not dispute that the record amply demonstrated that plaintiff met the Paragraph A criteria, or that for purposes of Paragraph C she had a medically documented

4

history of several mental health diagnoses lasting at least two years, which required a highly structured setting. (Dkt. #14-1 at 17). However, the Commissioner argues that the plaintiff cannot meet the criteria of "marginal adjustment," because her treatment notes indicate some normal findings, along with periodic reports of symptom improvement with medication and therapy. The Commissioner also points to plaintiff's activities of daily living, which include periodic camping, swimming, and hiking.

The Commissioner's *post hoc* reasoning is not a substitute for the ALJ's failure to explain why she concluded that the evidence of record did not satisfy the Paragraph C criteria. Initially, it is unclear whether and to what extent the ALJ considered the nature and impact of plaintiff's highly structured congregate living setting in the DePaul Housing Program, where she was initially accepted in June 2020 upon the recommendation of her mental health care providers, and still resided as of the time of her hearing, receiving 24-hour care and regular mental health treatment. Moreover, the ALJ gave no indication of the basis for her finding that plaintiff had not established "marginal adjustment," despite evidence in the record, such as a medical opinion by plaintiff's treating psychiatrist, Dr. Biswasup Ghosh, indicating that plaintiff was markedly limited in the ability to, inter alia, make simple work-related decisions and deal with normal work stress, and that she was moderately limited in a host of areas including remembering and applying information, working with others, adapting to changes in the workplace, and managing herself in the workplace. (Dkt. #9 at 1087-92). The record also contained evidence that despite her highly structured setting, plaintiff still required regular assistance with caring for herself, taking prescribed medications, maintaining cleanliness, making and keeping medical appointments, and getting to the grocery store.

5

Because I cannot find on this record that the ALJ's cursory Paragraph C analysis was harmless error, and because I do not find that the record otherwise contains persuasive proof of disability, remand for further proceedings, rather than for the calculation and payment of benefits, is the appropriate remedy. Having determined that the ALJ erred at Step 3 in her analysis of plaintiff's mental impairments, and because the Court hereby remands this matter for an entirely new decision, the Court declines to consider the remainder of plaintiff's arguments, relating to subsequent steps of the ALJ's analysis.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should render an entirely new decision which contains a detailed analysis of the Paragraph A, B, and C criteria under Listing 12.04, 12.06, and 12.15, and then, if disability is not found, proceeds with a fresh analysis of plaintiff's claim at the remaining steps, including but not limited to a detailed reassessment of the medical opinions of record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 27, 2023.